UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x

LYNNE FREEMAN,

        Plaintiff,

   -against-                                          25-cv-9345 (CM)

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an
individual, EMILY SYLVAN KIM, an individual, PROSPECT
AGENCY, LLC, a New Jersey limited liability company,
ENTANGLED PUBLISHING, LLC, a Delaware limited liability
company, MACMILLAN PUBLISHERS, LLC, a New York
limited liability company; and DOES 1-10,

        Defendants.

——————————————————————————— x

## ORDER STAYING CASE

McMahon, J.:

This newly filed case (hereinafter *Deebs-Elkenaney II*) was reassigned to me as related to *Lynne Freeman v. Tracy Deebs-Elkenaney et al.*, Case No. 1:25-cv-9345 ("*Deebs-Elkenaney I*"); *Lynne Freeman v. Amazon.com Inc, et al.*, Case No. 1:23-cv-4796 ("*Freeman v. Amazon.com*"); *Lynne Freeman v. Apple Inc.*, Case No. 1:23-cv-7051 ("*Freeman v. Apple*"); and *Lynne Freeman v. Barnes & Noble Booksellers, Inc.*, Case No. 2:23-cv-4145 ("*Freeman v. Barnes & Noble*"). All five cases allege that novels written by Tracy Deebs-Elkenaney (under the nom de plume Tracy Wolff) infringe an unpublished work by Freeman entitled variously "Blue Moon Rising" and "Masqued." *Deebs-Elkenaney I*, which this court agreed to take when the originally assigned judge was unable to conduct a trial, alleges that the first four novels in Defendant's "Crave" series of young adult paranormal romantic fiction books – books entitled *Crave, Crush, Covet* and *Court* – infringed Feeman's work; *Deebs-Elkenaney II* alleges that two subsequent books in the Crave

series, *Charm* and *Cherish*, also infringe Freeman's work. It is undisputed that Deebs-Elkenaney never saw Freeman's work; access (an issue as to which Magistrate Judge Netburn, affirmed by my predecessor, Judge Stanton, concluded there was a disputed issue of fact) consists of the fact that both women enjoyed the services of the same agent (albeit some years apart), and that the agent may (or may not) have been involved in the creation of the Crave novels (some or all of them, it is not clear).

One way or another, *Deebs-Elkenaney I* is going to be decided next year. I have no intention of consolidating *Deebs-Elkenaney II* with *Deebs-Elkenaney I*. Therefore, all proceedings in *Deebs-Elkenaney II*, other than effecting service of process on the defendants (which is not stayed, and which must be completed within the time period set forth in Fed. R. Civ. P. 4) are STAYED *sine die*. The stay will remain in place until such time as I lift it.[1] This means that no defendant in *Deebs-Elkenaney II* is required to put in an appearance, file an answer, or otherwise respond to the complaint, or take any action until such time as I say so.

Dated: December 2, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

---

[1] *Freeman v. Amazon.com*, *Freeman v. Apple*, and *Freeman v. Barnes & Noble* are already stayed, thanks to Judge Stanton, and they will remain stayed until such time as I lift the stays.

2